UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

|  |  |  |
|---|---|---|
| GREGORY STEVEN BIER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:11-cv-639 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| COMMISSIONER OF | ) | **REPORT AND RECOMMENDATION** |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is a social security action brought under 42 U.S.C. § 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security finding that Gregory Steven Bier, Jr. was not entitled to supplemental security income (SSI) benefits.   Mr Bier is 24 years old.  He was an adult at all times relevant to his claim for SSI benefits.  On June 10, 2009, an administrative law judge (ALJ) found that Mr. Bier was not disabled and denied his application for SSI benefits.  (A.R. 9-14).  On April 14, 2011, the Appeals Council denied review (A.R. 2-4), and the ALJ's decision became the Commissioner's final administrative decision.

Gregory Steven Bier, Jr. had sixty days from his receipt of the Appeals Council's decision within which to file his complaint seeking judicial review of the Commissioner's decision. 42 U.S.C. §§ 405(g), 1383(c)(3).  He is presumed to have received the Appeals Council's decision on April 19, 2011, *see* 20 C.F.R. § 416.1401, and his period within which to file a complaint seeking review of the Commissioner's decision expired on June 20, 2011. Mr. Bier has never filed a complaint seeking review of the Commissioner's decision.

On June 17, 2011, Tonya Bier, the claimant's mother, signed and filed a complaint purporting to bring this lawsuit on Mr. Bier's behalf.   Tonya Bier is not an attorney.  She cannot act as her adult son's representative in filing or maintaining this lawsuit.[1]  *See Garrison v. Mich. Dep't of Corr.*, 333 F. App'x 914, 919 (6th Cir. 2009); *Shepard v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *see also* 28 U.S.C. § 1654.

In addition, on October 24, 2011, the court entered the order directing the filing of briefs.  (10/24/ 2011 Order, docket # 8).  Plaintiff's initial brief was to be filed no later than November 28, 2011.  (*Id.*).  It is now almost two months after that deadline, and nothing has been filed.

On December 29, 2011, the court entered a show cause order directing Gregory Steven Bier, Jr. and Tonya Bier to file a written response "on or before January 13, 2012 showing cause why this lawsuit should not be dismissed because the claimant did not file it himself, and it was not filed by anyone with the legal authority to file it as the claimant's representative." (12/29/11 Order to Show Cause, docket # 10).  Further, the order required that these individuals "show cause why this matter should not be dismissed for failure to comply with the court's order requiring that plaintiff's initial brief be filed no later than November 28, 2011." (*Id.*).  The deadline established by the order to show cause passed without any response from Gregory Steven Bier, Jr. and Tonya Bier.

---

[1]Gregory Steven Bier, Jr. was an adult at all times relevant to his claim for SSI benefits. Thus, he falls outside the narrow exception recognized by some courts which would have allowed Tonya Bier, as the parent of a minor child, to represent that child in court on his claim for SSI benefits. *See Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299-1301 (10th Cir. 2011); *Machadio v. Apfel*, 276 F.3d 103, 106-07 (2d Cir. 2002); *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000).

## Recommended Disposition

For the reasons set forth herein,  I recommend that  this lawsuit be dismissed for lack of jurisdiction.  Non-attorney Tonya Bier could not file or maintain this lawsuit on behalf of her adult son.  Gregory Steven Bier, Jr., never filed a complaint seeking review of the Commissioner's final administrative decision denying his claim for SSI benefits and, at this juncture, any complaint by Mr. Bier is time-barred.


Dated:   January 19, 2012                  /s/  Joseph G. Scoville_____
                                                         United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice.  *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).